

# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
August 19, 2020 11:11 AM
AFTAB PUREVAL
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 976434

**SAMUEL VOSS**                               A 2002899

vs.

**QUICKEN LOANS LLC**

FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND

PAGES FILED: 11

EFR200

W.B. Markovits (0018514)
Terence R. Coates (0085579)
Justin C. Walker (0080001)
Dylan J. Gould (0097954)
Matthew C. Metzger (0082235)

*Counsel for Plaintiff*

# IN THE COURT OF COMMON PLEAS
# HAMILTON COUNTY, OHIO

| | |
|---|---|
| SAMUEL VOSS, <br> 486 Stanley Avenue <br> Cincinnati, Ohio 45226 | CASE NO. |
| Plaintiff, | Judge |
| v. | |
| QUICKEN LOANS, LLC, <br> 1050 Woodward Avenue <br> Detroit, Michigan 48226 | **CLASS ACTION COMPLAINT AND JURY DEMAND** |
|     Please serve agent: <br>     C T Corporation System <br>     4400 Easton Commons Way, Suite 125 <br>     Columbus, Ohio 43219 | |
| and | |
| MORTGAGE ELECTRONIC <br> REGISTRATION SYSTEMS, INC. <br> 1818 Library Street <br> Reston, Virginia 20190 | |
|     Please serve agent: <br>     C T Corporation System <br>     4400 Easton Commons Way, Suite 125 <br>     Columbus, Ohio 43219 | |
| Defendants. | |

1

Plaintiff Samuel Voss ("Plaintiff" and/or "Voss") brings this action against Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Quicken Loans, LLC ("Quicken Loans") (collectively, "Defendants") on behalf of himself and all those similarly situated.

## **INTRODUCTION**

1. Defendant Quicken Loans is a national mortgage lending institution with substantial operations in Southwestern Ohio. In 2016, Quicken Loans lent money collateralized by a mortgage on residential real property located at 486 Stanley Ave., Cincinnati, OH 45226 (the "Property"). Although Quicken Loans lent the money and under a traditional mortgage scheme would have been named the mortgagee on the mortgage document, for this mortgage and for all the mortgages on properties related to this class action lawsuit, MERS was designated as the mortgagee on the mortgage document. That same document indicates that despite MERS's legal role as the mortgagee, the rest of the roles and obligations traditionally held by the mortgagee, including filing a timely notice of satisfaction and release of mortgage after the note and mortgage are satisfied, remain with Quicken Loans.

2. When the owner of the Property sold the Property to Plaintiff, the proceeds from the sale were used to satisfy the loan owed to Quicken Loans, collateralized by the Property. Under Ohio Revised Code ("R.C.") § 5301.36, including its subparts, Defendants were obligated to file an entry of satisfaction for the Property with the county recorder within 90 days of the mortgage being satisfied. Yet, Defendants failed to file the mortgage satisfaction with the county recorder within 90 days of the lien satisfaction.

3. Under R.C. § 5301.36(C), Plaintiff is entitled to recover damages of $250.00 from Defendants for their failure to timely record the mortgage satisfaction. Plaintiff, on behalf of himself and all other Class Members, alleges the following complaint against Defendants for

2

violating R.C. § 5301.36, and seeks more than $25,000 exclusive of costs and interests from Defendants.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under R.C. § 2305.01, as the amount in controversy in this case exceeds $15,000. The Court has personal jurisdiction over Quicken Loans and MERS because they transact substantial business within the State of Ohio and in Hamilton County. Furthermore, the Property is located in the State of Ohio.

5. Venue is proper in this Court pursuant to Ohio Rule of Civil Procedure 3(C), as Quicken Loans and MERS conduct business throughout Hamilton County and the Property is in Hamilton County. Quicken Loans and MERS also regularly conducted activity giving rise to this complaint in Hamilton County.

6. Upon information and belief, the damages to which the Class are entitled is in the aggregate less than $5 million exclusive of costs and interest.

## PARTIES

7. Plaintiff Samuel Voss is the current owner of the Property.

8. Quicken Loans is a banking and lending institution with office locations throughout the Greater Cincinnati Area. It is headquartered in the State of Michigan and organized under the laws of the State of Michigan.

9. In April of 2020, Quicken Loans converted from a corporation to a limited liability company. Prior to Plaintiff's purchase of the Property, Quicken Loans, Inc. was the lender on the mortgage encumbering the Property. When Quicken Loans, Inc. converted to Quicken Loans, LLC, it assumed all Quicken Loans Inc.'s liabilities, including its liability under R.C. § 5301.36.

3

10. MERS is incorporated under the laws of Delaware and headquartered in Reston, Virginia. It is a wholly-owned subsidiary of MERSCORP Holdings, Inc. and its sole purpose is to serve as mortgagee in the land records for loans registered on the MERS System. MERS is a nominee for the lender and subsequent buyers of a mortgage loan and serves as a common agent for the mortgage industry.

11. Under the relevant form mortgage documents MERS is the named mortgagee. Under the same document, the lender (Quicken Loans) is the party required to "discharge" or "release" the mortgage. Accordingly, although MERS is the party on whose behalf the satisfaction and release of the mortgage is filed, that obligation is assigned by MERS to the lender, Quicken Loans. Both MERS and Quicken Loans fall within the definition of "mortgagee" under R.C. § 5301.36.

12. This type of contracting and assigning to MERS the title and rights of mortgagee is done with a specific purpose. MERS never receives payments from the borrower. Nor does it solicit, fund, service, or actually own any notes collateralized by a mortgage. MERS purports to remain the mortgagee for the life of a mortgage loan even after the original lender or a subsequent assignee transfers the loan into a pool of loans that are ultimately sold to investors. This process is designed to allow lenders, such as Quicken Loans, to avoid paying county recording fees each time the individual loan is packaged and sold to a new investor—a process known as securitization. Traditionally, a bank or lender kept a mortgage on its balance sheet as an asset that paid set amounts each month for years or decades. Securitization allows a lender to sell the note on a property to another, instantly recoup the principal on the loan, and then continue to profit by charging service fees to manage the loan and payments thereon.

4

13. Collectively, or one or the other, Defendants have an obligation under Ohio law to file a timely satisfaction of mortgage on properties to which they are mortgagee. That they have severed the mortgage from the note for efficiency of transfer is of no matter to the requirements that the mortgagee record the satisfaction; conversely, Defendants cannot escape their singular or collective obligations under Ohio law to timely file satisfactions of mortgage by severing the note and the mortgage and then using that severance to each disclaim the obligation.

## FACTS

14. On December 5, 2016, Quicken Loans entered into a promissory note with Donald Dow Jr. for a loan on the Property. The promissory note was secured by a mortgage on the property listing MERS as the mortgagee and nominee for Quicken Loans. Donald Dow Jr. was the mortgagor/borrower.

15. On or about February 5, 2020, Donald Dow Jr. sold the Property to Plaintiff. The proceeds from the sale of the Property satisfied the mortgage on the Property.

16. The Property mortgage was therefore satisfied on or about February 5, 2020.

17. Under R.C. § 5301.36, Defendants were required to file a satisfaction of mortgage on the Property by on or about May 5, 2020.

18. However, neither MERS nor Quicken Loans filed an entry of mortgage satisfaction with the Hamilton County Recorder's Office to reflect satisfaction of the balance of that mortgage until May 27, 2020.

19. By failing to timely release the mortgage on the Property, Defendants caused injury to Plaintiff, by *inter alia.,* causing a cloud to be on Plaintiff's title to the Property.

5

## Ohio Revised Code §§ 5301.34 and 5301.36:
## Release of Mortgage and Entry of Satisfaction

20. Ohio law provides a very specific pathway to releasing mortgages: "A mortgage shall be discharged upon the record of the mortgage by the county recorder when there is presented to the county recorder a certificate executed by the mortgagee…certifying that the mortgage has been fully paid and satisfied." R.C. § 5301.34.

21. In parallel, R.C. § 5301.36(B) requires a mortgagee to file an entry of mortgage satisfaction with the local county recorder within 90 days of satisfaction of the mortgage: "Within ninety days from the date of the satisfaction of a mortgage, the mortgagee shall record a release of the mortgage evidencing the fact of its satisfaction in the appropriate county recorder's office and pay any fees required for the recording."

22. The Ohio legislature wanted to ensure that mortgagees would fulfill this statutory duty, and so in the event a mortgagee fails to file the entry of mortgage satisfaction within 90 days of the mortgage being satisfied, the mortgagee is liable in a civil action for damages of $250.00: "If the mortgagee fails to comply with division (B) of this section, the mortgagor of the unrecorded satisfaction and the current owner of the real property to which the mortgage pertains may recover, in a civil action, damages of two hundred fifty dollars." R.C. § 5301.36(C). The Ohio Supreme Court has determined that these damages constitute remedial damages.

23. The Ohio legislature decided that the mortgagee is liable in a civil action for damages of $250 to both the mortgagor whose mortgage had been satisfied and to the subsequent/current owners of the property to which the mortgage was attached. "Current owner" includes an owner who has satisfied a mortgage and retains ownership of a property, an owner who is the subsequent purchaser of a property where a satisfied mortgage remains unsatisfied, and a

6

subsequent owner of a property where the satisfied mortgage was recorded more than 90 days after satisfaction and while that subsequent owner was the lawful owner of the property.

## CLASS ALLEGATIONS

24. Under Rule of Civil Procedure 23(A), (B)(2), (B)(1)(A), and/or (B)(3), Plaintiff brings this action on behalf of himself and the Class, initially defined as follows:

> **All persons or entities who were the mortgagor to a mortgage or current owner of the real property to which the mortgage pertains where Quicken Loans (or any predecessor or other entity acquired or merged with – or otherwise now part of Quicken Loans – including any affiliates, subsidiaries, and/or related lending institutions) was the lender on a promissory note secured by a mortgage on real property in the State of Ohio, whereby MERS (or any predecessor or other entity acquired or merged with – or otherwise now part of MERS – including any affiliates, subsidiaries, and/or related lending institutions) was listed as the mortgagee, where the mortgage was satisfied in full, and the mortgagee did not record an entry of mortgage satisfaction with the applicable county recorder's office within 90 days of the date of mortgage satisfaction, within the Relevant Time Period.**

25. The "Relevant Time Period" is the largest period allowed by law.

26. Excluded from the Class are Defendants, their employees, officers, directors, legal representatives, heirs, successors, and wholly or partially owned subsidiaries or affiliated companies; class counsel and their employees; and the judicial officers and their immediate family members and associated court staff assigned to this case.

27. The definition of the Class is unambiguous, and Plaintiff is a member of the Class he seeks to represent.

28. The Class is so numerous that joinder of all members is impracticable. Due to the nature of trade and commerce involved, the members of the Class are geographically dispersed throughout the State of Ohio. While the exact number of Class Members is unknown to Plaintiff at this time, on information and belief, Quicken Loans has acted as the lender on a note secured by

7

a mortgage listing MERS as the nominee and mortgagee for thousands of mortgages in the State of Ohio for which Quicken Loans and/or MERS failed to file an entry of satisfaction of mortgage with the appropriate county recorder's office within 90 days of the date of the mortgage satisfaction. Accordingly, the Class size is considered to be over one thousand Class Members and will be identified with more specificity through discovery.

29. Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the other Class Members satisfied the amounts owed on their mortgages/promissory notes with Defendants or are the current owners of the real property for which the mortgage was untimely released and Quicken Loans and/or MERS failed to file the mortgage satisfaction with the applicable county recorder's office within 90 days of the date of satisfaction as required under R.C. § 5301.36.

30. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action litigation.

31. Defendants have acted or refused to act on grounds generally applicable to the Class, making it appropriate for the Court to render final injunctive relief regarding the Class as a whole. Specifically, Defendants continued to refuse or failed to file mortgage satisfactions within the required 90-day window despite their knowledge of the requirements under R.C. § 5301.36.

32. Common questions of law and fact exist to all Class Members and predominate over any questions solely affecting individual members thereof. Among the common questions of law and fact are the following,

  a. Whether Quicken Loans or MERS, individually or collectively, was a mortgagee, either originally or as a successor;

  b. Whether the mortgage was satisfied;

8

  c. Whether the mortgagee failed to timely record a release of the mortgage evidencing the fact of the mortgage's satisfaction with the applicable county recorder's office within 90 days of the date of the mortgage satisfaction as required under R.C. § 5301.36(B); and,

  d. Whether Quicken Loans and/or MERS owes the Class Member $250 because the Class Member was the mortgagor for the real property encumbered by the mortgage or was or is the current owner of the real property to which the note/mortgage pertains.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class Members is impracticable. The prosecution of separate actions by individual Class Members would impose heavy burdens upon courts, Class Members, and Defendants, and would create the risk of inconsistent adjudications of questions of law and fact common to the Class. The allegations contained herein show that common questions of law and fact predominate over any questions affecting individual Class Members and a class action is therefore superior to other available methods for fairly and efficiently adjudicating the controversy. A class action would achieve substantial economies of time, effort, and expense, and would assure uniformity as to persons similarly situated without sacrificing procedural fairness.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF R.C. § 5301.36 *et seq.*

34. Plaintiff repeats and re-alleges all allegations in this Complaint as if fully restated herein.

9

35. Plaintiff and the Class Members were mortgagors or current owners of real property on which Quicken Loans and/or MERS was the mortgagee, where the property was collateral for a note held by Quicken Loans.

36. The amounts due under the applicable mortgages were satisfied.

37. The mortgagee failed to timely file the entry of mortgage satisfaction with the local county recorder's office within 90 days of the satisfaction of the balance of such mortgages.

38. Quicken Loans and MERS are and were obligated to comply with R.C. § 5301.36 and owe a statutory duty to Plaintiff and Class Members to comply with R.C. § 5301.36.

39. Quicken Loans and MERS failed to comply with their statutory duty under R.C. § 5301.36.

40. Plaintiff and the Class Members are entitled to collect $250.00 in remedial damages from Quicken Loans and MERS, jointly and severally, as a direct and proximate result of Defendants' failure to timely file the entry of mortgage satisfaction within 90 days of the mortgage satisfaction under R.C. § 5301.36.

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, prays for the following judgment,

(a) Certifying this case as a Class Action under Ohio Rule of Civil Procedure 23 and appointing Plaintiff as the class representative for the proposed Class and his counsel as Class Counsel;

(b) Awarding Plaintiff and Class Members damages in an amount to be determined at trial, including, but not limited to, the amount of $250.00 for each violation of R.C. § 5301.36 *et seq.*;

(c) Requiring Defendants to comply with Ohio Revised Code § 5301.36 *et seq.*;

10

(d)     Ordering Defendants to pay the costs and expenses of this lawsuit and reasonable attorneys' fees;

(e)     Ordering Defendants to pay prejudgment interest; and,

(f)     Awarding any such other and further legal and equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all claims triable to a jury.

Respectfully submitted,

*/s/ Terence R. Coates*
W.B. Markovits (0018514)
Terence R. Coates (0085579)
Justin C. Walker (0080001)
Dylan J. Gould (0097954)
MARKOVITS, STOCK & DEMARCO, LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
Telephone: (513) 651-3700
Fax: (513) 665-0219
*bmarkovits@msdlegal.com*
*tcoates@msdlegal.com*
*jwalker@msdlegal.com*
*dgould@msdlegal.com*

Matthew C. Metzger (0082235)
WOLTERMAN LAW OFFICE, LPA
434 W. Loveland Ave.
Loveland, OH 45150
Telephone: (513) 488-1135
Fax: (513) 322-4557
*matt@woltermanlaw.com*

*Counsel for Plaintiff and the Class*

11